ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VICTOR MANUEL AMPARO-TINEO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-002 |
| | ) | |
| HARLEY LAPPIN, Director of Bureau of Prisons, and STACE STONE, Action Warden, McRae Correctional Facility, | ) ) ) ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate currently incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. Respondent has filed a Response. (Doc. no. 7). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Harley Lappin and Stace Stone be **DISMISSED**, that Walt Wells be named as the proper respondent, that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

I. **BACKGROUND**

On June 18, 2003, Petitioner was arrested by federal authorities. On June 22, 2004, Petitioner was sentenced to 70 months of imprisonment for conspiracy to import more than one kilogram of heroin. (Doc. no. 5, Ex. 1). On December 6, 2004, Petitioner was sentenced

to 90 months of incarceration for his state drug crimes, to run concurrently with his federal sentence.[1,2] The Bureau of Prisons ("BOP") has calculated Petitioner's sentence from the date he was sentenced on his federal charges, June 22, 2004. Additionally, the BOP has awarded Jail Credit against his sentence for the dates of June 18, 2003 (the date of his arrest), through June 21, 2004 (the day before he received his federal sentence).

Petitioner has now filed a § 2241 petition in this Court arguing that he is entitled to Jail Credit against his sentence for the dates of April 4, 2002, through June 4, 2002, when he "served [a] state term of imprisonment."[3] In the alternative, Petitioner argues that the BOP should have given him a *nunc pro tunc* order for that time against his Florida sentence. Thus, according to Petitioner, the BOP has failed to credit him on his federal sentence for the dates of April 4, 2002 through June 4, 2002. Respondent maintains that the BOP has correctly calculated his sentence, as the *nunc pro tunc* order is inapplicable to his situation, and, under the applicable statute, he cannot receive double credit.

## II. DISCUSSION

Here, Petitioner asks the Court to conclude that he is entitled to credit on his federal sentence for time served in state custody between April 4, 2002 and June 4, 2002. (Doc. no. 1, pp. 3-6). Petitioner maintains that he is "serving an undercharged sentence resulting from

---

[1] He remained in federal custody at all times.

[2] Petitioner pled guilty and was sentenced in the Circuit Court of Hillsborough County, Florida, for Trafficking in Illegal Drugs, Conspiracy to Traffic in Heroin, Trafficking in Cocaine, and Conspiracy to Traffic in Cocaine. (Doc. no. 5, Ex. 6).

[3] The record is unclear as to why Petitioner was in state custody between April 4, 2002 and June 4, 2002.

2

conduct that was required to be considered in a subsequent sentencing proceeding as relevant conduct . . . [therefore] the subsequent sentence should run concurrently to the undercharged sentence." (Id. at 5). Thus, according to Petitioner, he should be credited for time, either by *nunc pro tunc* order, or by Jail Credit, for the time he was incarcerated in state custody between April 4, 2002 and June 4, 2002.

On the other hand, Respondent submits that the *nunc pro tunc* order is inapplicable to Petitioner, and credit for his April 2, 2002 through June 4, 2002 incarceration has been counted toward his state sentence; thus, he is not entitled to credit for any time between April 4, 2002 and June 4, 2002, against his federal sentence. (See generally doc. no. 5). Respondent has the better argument.

### A. Proper Respondent

Petitioner named Harley Lappin, the Director of the Bureau of Prisons, and Stace Stone, the Action Warden at MCF, as Respondents in this case. However, neither Harley Lappin nor Stace Stone are proper respondents because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Thus, Walt Wells, Petitioner's custodian by virtue of his position as Warden at MCF, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that Harley Lappin, and Stace Stone, be **DISMISSED** from this case and that Walt Wells be named as the proper respondent.

3

## B. Credit for Time Served

The issue Petitioner raises concerning the computation of his sentence is governed by 18 U.S.C. § 3585(b) and by Program Statement ("PS") 5880.28 of the Sentence Computation Manual.

18 U.S.C. § 3585(b) provides:

**(b) Prior Custody Time Credit.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

**(1)** as a result of the offense for which the sentence was imposed; or
**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Here, Petitioner was indicted in federal court, pled guilty to Conspiracy to Import More than One Kilogram of Heroin, and was sentenced on this offense to the term of 70 months of imprisonment. Petitioner now seeks credit for time served in state custody for the period between April 4, 2002 and June 4, 2002. Petitioner's argument that he is entitled to credit on his federal sentence for time served between April 4, 2002 and June 4, 2002, is misguided, as he has already received credit for this time on his state sentence. (See doc. no. 5, Ex. 7) (noting verification that Petitioner received jail credit for, *inter alia*, the time period between April 4, 2002 and June 4, 2002, toward his state sentence).

The BOP PS 5880.28, Sentence Computation Manual (CCA of 1984), quotes Title 18 U.S.C 3585(b) as follows: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." (Doc. no. 5, Ex. 9).

4

Accordingly, Petitioner is not entitled to the credit he has already received on his state sentence to also be applied to his federal sentence.

Moreover, the Supreme Court has ruled that Congress made clear that a defendant could not receive double credit for his detention time.[4] United States v. Wilson, 503 U.S. 329, 337 (1992). The Court also notes that in an unpublished opinion, the Eleventh Circuit affirmed the denial of a petition requesting credit for time served under similar circumstances, concluding, "Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period had not been credited against another sentence." Castillo v. Federal Corr. Inst. of Tallahassee, 163 Fed. App'x 803, 804 (11th Cir. Jan. 5, 2006); see also Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971) (holding petitioner was not entitled to credit toward his federal sentence for such time spent in state custody). Thus, Petitioner is not entitled to credit on his federal sentence for the time he spent in state custody.

In sum, Petitioner was credited for the time served between April 4, 2002 and June 4, 2002, on his state sentence, and therefore he is not entitled to credit for the same time on his federal sentence. Thus, he is not entitled to the relief he seeks.

C. *Nunc Pro Tunc* Order to State Custody

The Court turns next to Petitioner's request for a *nunc pro tunc* order. The Regional Inmate Systems Administrator ("RISA") has the authority to designate a non-federal facility

---

[4]In the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., which became effective in 1987, Congress rewrote § 3568 and recodified it at § 3585(b). Wilson, 503 U.S. at 332.

5

for concurrent service of a federal sentence.[5] (Doc. no. 5, Ex. 10, PS 5160.05(7), (8)).[6] The RISA may make "[a] designation for concurrent service of sentence ... when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." (Id.). The RISA must exercise his own independent judgment, considering 18 U.S.C. § 3621(b) and the BOP's interpretation of this statute set forth in PS 5160.05.[7] Trowell v. Beeler, 135 Fed. Appx. 590, 596 (4th Cir. May 19, 2005). Here, the RISA complied with its duty to determine whether Petitioner was entitled to a *nunc pro tunc* order and it

---

[5] For inmates in private corrections facilities (such as MCF), the Privatization Branch is considered the Regional level. (Doc. no. 5, p. 4 n.2).

[6] The BOP asserts this authority based upon 18 U.S.C. § 3621(b), which states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
>     (1) the resources of the facility contemplated;
>     (2) the nature and circumstances of the offense;
>     (3) the history and characteristics of the prisoner;
>     (4) any statement by the court that imposed the sentence --
>         (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>         (B) recommending a type of penal or correctional facility as appropriate; and
>     (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

[7] The factors to be considered under PS 5160.05(8)(a) include: "inmate discipline history, institutional adjustment, recommendations of the Wardens at the state and federal institutions, the recommendation of the prosecuting Assistant U.S. Attorney, intent of the federal sentencing court, if available, and any other pertinent information regarding the inmate."

determined that such an order was not applicable to Petitioner. (Doc. no. 1, Exs. 7, 8). Specifically, it was noted that Petitioner was "in primary federal custody and [his] sentence began on the day it was imposed. A *nunc pro tunc* [order] is used to designate a non-federal facility for service of a federal sentence so that it can begin on its imposition date. [His] federal sentence [began] on the date it was imposed." (Id., Ex. 7). Additionally, PS 5160.05 § 9(a) provides:

> Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for selecting the non-federal institution is that primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence.

As noted by Respondent, Petitioner was already in primary federal custody when he was sentenced in his federal case, so his sentence began to run the day it was imposed. Thus, he is not entitled to the relief he seeks.[8]

---

[8]To the extent Petitioner argues that pursuant to United States Sentencing Guidelines ("USSG") § 5G1.3(b), his subsequent sentence should run concurrently to his undercharged sentence, his argument misses the mark. First, it should be noted that such an argument (concerning the sentencing judge's application of the USSG) addresses the validity of his sentence, and not its execution. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*). Also of note, § 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255 ¶ (f).

Second, in support of his "undercharged sentence" argument, Petitioner relies on United Sates v. Fuentes, 107 F.3d 1515 (11th Cir. 1997). In Fuentes, the Eleventh Circuit concluded:

> [T]hat when a defendant is serving an undischarged sentence resulting from conduct that is required to be considered in a subsequent sentencing

7

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Harley Lappin and Stace Stone be **DISMISSED**, that Walt Wells be named as the proper respondent, that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 8th day of January, 2009, at Augusta, Georgia.

	W. LEON BARFIELD
	UNITED STATES MAGISTRATE JUDGE

---

	proceeding as relevant conduct pursuant to section 1B1.3, section 5G1.3(b) provides that the subsequent sentence should run concurrently to the undischarged sentence.

Id. at 1524. Notably, here, Petitioner had not yet been sentenced by the State of Florida when he was sentenced in Federal Court, thus he was not serving an undischarged sentence.